

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

*970 Broad Street, Suite 700*
*Newark, New Jersey 07102*

January 13, 2025

**VIA EMAIL & ECF**

The Honorable Brian R. Martinotti
United States District Judge
Frank R. Lautenberg Post Office & U.S. Courthouse
Newark, New Jersey 07102

      RE:   *United States v. Angel Kearney*, Crim. No. 21-838

Dear Judge Martinotti:

      Please accept this letter in response to the supplemental motion *in limine* filed by the Defendant Angel Kearney. *See* ECF No. 483. The Defendant's supplemental motion *in limine* unduly limits how the Government can refer to the drug conspirators during trial and should therefore be denied.

      During a telephone conversation between the parties, the Government agreed that it would not refer to the Defendant and his co-conspirators as members of an "enterprise," which makes sense given that is a term of art in the RICO context, which is not charged here. Although referring to drug conspirators as a Drug Trafficking Organization or DTO is common, the Government also agreed not to do so during trial (although there is no rule forbidding it). Those voluntary concessions aside, the Government must be permitted to refer to the Defendant and the other drug conspirators as something other than "co-conspirators," which at times may seem overly formal and legalistic to a jury. One option is to refer to them as a "crew," which is commonly defined as a group of people who work together. The term does not somehow "suggest . . . that Mr. Kearney is part of an enterprise." Def. Supp. Br. at 1. Instead, it is simply a less formal description that provides the Government with some label to use other than "co-conspirators." The seemingly open-ended restrictions proposed by the Defendant would unfairly limit the Government at trial.

      On the above-referenced telephone call, the Government also stated that it did not plan on referring to the conspirators as a gang, specifically in the sense of a street gang, such as the "Bloods" or the "Crips." That remains true: the Government does not intend at trial to refer to the conspirators as a gang. However, the Defendant

now uses that concession to seek the exclusion of a social media caption (the "Caption")—written by an unindicted co-conspirator—that refers to the Defendant and some of his co-conspirators as a "gang." The Caption should not be excluded. As the context of the photograph and the Caption makes clear, the term "gang" is being used here in the colloquial sense of a group of friends or associates. And the phrase "outside with it" appears to be a reference to them posing for a picture together. No reasonable juror would mistake the Caption as referring to formal membership in a street gang, like the Bloods or Crips.

It is clear why the Defendant would like to exclude the Caption: it is key evidence that demonstrates the Defendant's participation in a drug conspiracy with others depicted in the photograph, with the Caption only strengthening the inference. But the Caption does not suggest "membership" in a street gang and the Defendant should not be able to exclude such important evidence without more than manufactured potential prejudice. That is particularly true where the Government will not use the term when referring to the Defendant, and it is only being included in this limited circumstance, a circumstance brought about by an uncharged co-conspirator using the word in question. Government Exhibit 320 and 320A should be admitted in full.

## Conclusion

For the reasons set forth above, the Government respectfully submits that the Defendant's supplemental motion *in limine* should be denied.

Respectfully submitted,

VIKAS KHANNA
Acting United States Attorney

By: *[signature]*

James H. Graham
Robert Frazer
Assistant United States Attorneys

cc:   Lorraine Gauli Rufo, Esq., Counsel to Defendant
      Hannah Eaves, Esq., Counsel to Defendant