**RECEIVED**
JAN 16 2025
CHAMBERS OF US DISTRICT JUDGE
BRIAN R. MARTINOTTI

Dear, Clerk of courts

I ask that this letter be placed on my docket sheet and filed unsealed with the courts. Also I ask this document be given to Honorable Judge Martinotti.

Respectfully Submitted

[signature]

Pg. 1

RE: Request for Adequate Legal Representation, investigator, and Expert witness Assistance.

Dear Judge Martinotti,

I, Angel Kearney, am writing to formally address my concerns regarding the lack of adequate legal assistance in preparation for my upcoming trial. I have been denied access to proper counsel and resources necessary to ensure my defense is fairly presented. Specifically, I am raising issues of ineffective assistance of counsel, failure to investigate critical aspects of my case, and the denial of an investigator and expert witness to support my defense. The Sixth Amendment guarantees the right to effective assistance of counsel. My current attorney has failed to investigate critical aspects of my case which significantly impacts my ability to prepare a proper defense. Additionally, I have been informed that no witnesses will be called in my defense and that the strategy will solely involve challenging the prosecutor's case. This is contrary to my wishes and undermines my right to a fair trial. As established in Strickland v. Washington, 446 U.S. 668 (1984), counsel is ineffective when their performance falls below an objective standard of reasonableness and prejudices the defense. Similarly, the Third Circuit in United States v. Baynes, 687 F.2d 659 (3d Cir. 1982), emphasized that failure to investigate or present

Pg. 2

exculpatory evidence constitutes ineffective assistance. Both cases underscore the need for my counsel to actively investigate my claims and present a robust defense strategy. I respectfully request the appointment of an investigator to thoroughly examine the facts of my case. Without a comprehensive investigation, I am unable to present evidence that could exonerate me. The Supreme Court in Ake v. Oklahoma, 470 U.S. 68 (1985), held that due process requires access to the basic tools of an adequate defense, including investigative resources. The third Circuit has also supported this principle in United States v. Moore, 486 F.2d 1139 (3d Cir. 1973), finding that a defendant's ability to prepare a defense cannot be hindered by a lack of investigation support. Additionally, I have requested an expert witness to support my defense. The denial of this request directly impairs my ability to challenge the prosecutions evidence. As established in Ake v. Oklahoma, the right to an expert witness is a fundamental component of a fair trial when expert testimony is critical to the defense. The third Circuit reaffirmed this in United States v. Wright, 363 F.3d 237 (3d Cir. 2004), holding that courts must provide defendants with access to expert witnesses when necessary for their defense. Beyond the concerns already raised, there are additional significant deficiencies in counsel's preparation for trial that demonstrate ineffective assistance.

g. 3

My Attorney has failed to file essential, pretrial motions related to my 6th amendment rights and my access to discovery that I still have not recieved. The Supreme Court in Kimmelman v. Morrison 477 U.S. 365 (1986), found that failure to file a motion to suppress key evidence due to lack of preparation is ineffective assistance, and Brady v. Maryland, 373 U.S. 83 (1963), established that failure to request exculpatory evidence is a violation of due process. Furthermore, my attorney has failed to prepare adequately for witness examination, neglecting to prepare defense witness effectively. This lack of preparation undermines the adversarial process, as emphasized in United States v. Cronic, 466 U.S. 648 (1984), and People v. Benn, 420 F.2d 195 (D.C.Cir. 1969). Moreover, my attorney has not developed a coherent defense strategy, presenting no clear plan to challenge the prosecution's narrative or provide alternative explanations for the evidence. In Hilton v. Alabama, 571 U.S. 263 (2014), the Supreme Court held that failure to develop a strategic defense due to inadequate preparation is ineffective assistance. Lastly, I have experienced minimal communication with my attorney, who has failed to keep me informed about case developments or consult me on critical decisions. The Court in Missouri v. Frye, 566 U.S. 134 (2012), held that failure to communicate effectively with a client, including informing them of plea offers, constitutes ineffective assistance.

Given the issues outlined above, I am requesting the appointment of a new attorney who will provide adequate legal assistance. Counsel's refusal to call witnesses and to properly investigate my case demonstrates a lack of advocacy that violates my constitutional rights. The Supreme Court's decision in Gideon v. Wainwright, 372 U.S. 335 (1963), established the fundamental right to counsel, and United States v. Cronic, 466 U.S. 648 (1984), emphasize that a defense attorney must function as an active advocate for their client.

In light of the above concerns and supporting legal precedent, I respectfully request:

1. The appointment of an investigator to assist in preparing my defense.

2. The approval of an expert witness to provide testimony critical to my case.

3. The appointment of a new attorney who will actively and adequately advocate on my behalf.

I urge the court to consider these requests to ensure my constitutional rights are protected and that I receive a fair trial.

Sincerely,

Angel Kearney #2100253
354 ???? Ave
Newark, NJ, 07105

RECEIVED
JAN 14 2025
AT 8:30___M
WILLIAM T. WALSH, CLERK

Honorable Judge Martinotti
50 Walnut St.
Newark, NJ, 07102




**CERTIFIED MAIL**

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   Honorable Judge
   Martinotti
   50 Walnut St
   Newark, NJ 07102

9590 9402 8705 3310 2775 84

2. Article Number (Transfer from service label)

   7022 1670 0001 2229 8560

PS Form 3811, July 2020 PSN 7530-02-000-9053

COMPLETE THIS SECTION ON DELIVERY

A. Signature
   X ☐ Agent
     ☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
   ☐ Adult Signature
   ☐ Adult Signature Restricted Delivery
   ☒ Certified Mail®
   ☐ Certified Mail Restricted Delivery
   ☐ Collect on Delivery
   ☐ Collect on Delivery Restricted Delivery
   ☐ Mail
   ☐ Mail Restricted Delivery

   ☐ Priority Mail Express®
   ☐ Registered Mail™
   ☐ Registered Mail Restricted Delivery
   ☐ Signature Confirmation™
   ☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt